## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## (SHERMAN DIVISION)

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 19-40426** |
| CFO MANAGEMENT | § | |
| HOLDINGS LLC,¹ | § | |
| | § | **CHAPTER 11** |
| Debtor. | § | |
| | § | |
| | § | |
| DAVID and KAREN WRIGHT | § | |
| on behalf of themselves and all | § | |
| others similarly-situated, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 19-04096** |
| | § | |
| DAVID WALLACE, AS CHAPTER 11 | § | |
| TRUSTEE FOR CFO MANAGEMENT | § | |
| HOLDINGS, LLC | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant David Wallace, Chapter 11 Trustee for the Bankruptcy Estate of CFO

Management Holdings, LLC, respectfully files this *Original Answer* to the First Amended

Complaint of David and Karen Wright (Docket No. 27 in the above-captioned adversary

proceeding).

---

¹ The following entities' bankruptcy cases and estates have been substantively consolidated with that of Debtor CFO Management Holdings, LLC (EIN# XX-XXX6987) for all purposes (see Docket No. 248): Carter Family Office, LLC (Case No. 19-40432); Christian Custom Homes, LLC (Case No. 19-40431); Double Droptine Ranch, LLC (Case No 19-40429); Frisco Wade Crossing Development Partners, LLC (Case No. 19-40427); Kingswood Development Partners, LLC (Case No. 19-40434); McKinney Executive Suites at Crescent Parc Development Partners, LLC (Case No. 19-40428); North-Forty Development LLC (Case No. 19-40430); and West Main Station Development, LLC (Case No. 19-40433). The following mailing address can be used for the consolidated Debtor with respect to these cases: c/o David Wallace, Chapter 11 Trustee, 4131 North Central Expressway, Suite 775, Dallas, Texas 75204.

## I.   INTRODUCTION

1.      After reasonable inquiry, Defendant does not have sufficient information as to why Plaintiffs filed the Complaint or whether it was because they "were conned out of vast sums of money by CFO Management Holdings, LLC, its predecessors, principals, agents, and affiliated entities," so Defendant denies the allegation contained in the first sentence of paragraph 1. The second sentence of paragraph 1 contains opinion, which does not require a response; however, to the extent a response is required the Defendant denies the second sentence of paragraph 1. Defendant does not have sufficient information as to whether "some principals" have been convicted and sentenced as provided in the third sentence of paragraph 1 and denies the allegations made in that sentence. Defendant admits that Philip Carter controlled the Debtor, but after reasonable inquiry, Defendant does not have sufficient information to ascertain whether Philip Carter's wife was "the controlling party of the Debtor" or whether "other participants . . . have been indicted and await trial," as the term "other participants" is vague and undefined; therefore, the Defendant denies the fourth sentence of paragraph 1.

## II.   JURISDICTION AND VENUE

2.      As to paragraph 2, Defendant admits that this Court has jurisdiction over this adversary and that venue is proper. Defendant further admits that the Debtor filed for bankruptcy protection in this district. The Defendant denies any remaining statements in paragraph 2, noting the use of the undefined term Defendant Lenders when there are no other defendants in this adversary proceeding.

3.      Defendant admits the allegations in paragraph 3 and consents to the entry of final orders and judgments in this adversary proceeding.

### III.  PARTIES

4.      Defendant does not have sufficient information as to the Plaintiff-related allegations in paragraph 4 and therefore leaves Plaintiffs to their proof.

5.      Defendant admits the allegations in paragraph 5.

### IV.  FACTUAL ALLEGATIONS

6.      Defendant denies the allegations in paragraph 6.

7.      Defendant denies the allegations in paragraph 7. The Debtor did not exist until January 2019.

8.      After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 8 and therefore leaves Plaintiffs to their proof.

9.      After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 9 and therefore leaves Plaintiffs to their proof.

10.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 10 and therefore leaves Plaintiffs to their proof.

11.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 11 and therefore leaves Plaintiffs to their proof.

12.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 12 and therefore leaves Plaintiffs to their proof.

13.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 13 and therefore leaves Plaintiffs to their proof, other than to

state that it is Defendant's understanding based on claims filed in the above-captioned bankruptcy case that numerous parties received promissory notes, which took a couple of different forms.

14.   After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 14 and therefore leaves Plaintiffs to their proof.

15.   After reasonable inquiry, Defendant does not have sufficient information as to most of the allegations in paragraph 15, including whether or not the named Plaintiffs were the source of the funds for the $700,000 payment referenced, and therefore leaves Plaintiffs to their proof. Defendant denies that the Wrights' investment, of whatever amount, was "secured." Defendant denies that the contracts referred to in paragraph 15 were "identical on all substantive points." Defendant admits that promissory notes exist in the name of entities with names similar to or that were otherwise connected to non-consolidated subsidiaries of the Debtor.

16.   After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 16 and therefore leaves Plaintiffs to their proof.

17.   After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 17 and therefore leaves Plaintiffs to their proof.

18.   After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 18 and therefore leaves Plaintiffs to their proof.

19.   After reasonable inquiry, Defendant does not have sufficient information as to most of the allegations in paragraph 19 and therefore leaves Plaintiffs to their proof. Defendant is not currently aware of what was purchased with the funds of noteholders or

from the sale of other properties, or the amount of noteholder funds that were used to pay for Debtor assets.  Defendant admits that the listed properties were part of the Debtor's estate when he assumed the role of Chapter 11 trustee and that all but the Crescent Parc and Ranch properties have been sold.

20.    After reasonable inquiry, Defendant does not have sufficient information as to most of the allegations in paragraph 20 and therefore leaves Plaintiffs to their proof; nevertheless, the Defendant admits there are no liens or recordings for the noteholders.

21.    After reasonable inquiry, Defendant does not have sufficient information to admit or deny whether "lofty promises" were made. Defendant admits that the noteholders' asserted claims are classified as unsecured in the Debtor's proposed plan.

22.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 22 and therefore leaves Plaintiffs to their proof.

23.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 23 and therefore leaves Plaintiffs to their proof.

24.    Defendant denies the allegations in paragraph 24.

25.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 25 and therefore leaves Plaintiffs to their proof.

26.    Defendant denies the allegations in paragraph 26.

27.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 27 and therefore leaves Plaintiffs to their proof; nevertheless, the Defendant admits that paragraph 9 of the Plaintiff's promissory note says that "[a]ll assets received are received in good faith to protect the interest of Holders, the

Defendant's Original Answer and Affirmative Defenses                                        5

companies, and all interested parties with prejudice as to all rights reserved and are protected by appropriate deeds of trust." To the extent paragraph 27 is alleging that the named Plaintiffs' asserted claims against the estate are "secured," Defendant denies such allegation.

28.    After reasonable inquiry, Defendant does not have sufficient information as to what was contained in Guess's advice to the named Plaintiffs. After reasonable inquiry, Defendant does not have sufficient information as to whom the Plaintiffs delivered $700,000 or whether they executed the promissory note at issue.

29.    Defendant does not have sufficient information as to the allegations in paragraph 29 and therefore leaves Plaintiffs to their proof.

30.    Defendant does not have sufficient information as to the allegations in paragraph 30 and therefore leaves Plaintiffs to their proof.

31.    After reasonable inquiry, Defendant does not have sufficient information as to the allegation in the first sentence of paragraph 31 that Guess's "representations were patently false." Specifically, Defendant does not have sufficient information to determine whether the statements referred to constituted "representations" or not. Defendant therefore leaves Plaintiffs to their proof on that issue. With respect to the second sentence of paragraph 31, Defendant admits that the named Plaintiffs had no ability to foreclose on hard assets and there was no guarantee of any return on principal or interest. The term "highly speculative" to refer to the investments is undefined, vague, and ambiguous, so the Defendant denies that portion of the allegation.

32.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 32 and therefore leaves Plaintiffs to their proof.

33.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 33 and therefore leaves Plaintiffs to their proof.

34.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 34 and therefore leaves Plaintiffs to their proof.

35.     Defendant denies the allegations in paragraph 35.

36.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 36 and therefore leaves Plaintiffs to their proof.

37.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 37 and therefore leaves Plaintiffs to their proof.

38.     After reasonable inquiry, Defendant does not have sufficient information as to the allegation in the first sentence of paragraph 38 that "these representations were patently false." Specifically, Defendant does not have sufficient information to determine whether the statements referred to constituted "representations" or not. Defendant therefore leaves Plaintiffs to their proof on that issue. With respect to the second sentence of paragraph 38, Defendant admits that the named Plaintiffs had no ability to foreclose on hard assets and there was no guarantee of any return on principal or interest. The term "highly speculative" to refer to the investments is undefined, vague, and ambiguous, so the Defendant denies that portion of the allegation.

39.     After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 39 and therefore leaves Plaintiffs to their proof.

Defendant's Original Answer and Affirmative Defenses                                    7

40.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 40 and therefore leaves Plaintiffs to their proof.

41.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 41 and therefore leaves Plaintiffs to their proof.

42.    Defendant denies that Guess and Carter were financial advisors to the named Plaintiffs. After reasonable inquiry, Defendant does not have sufficient information as to whether Guess ever acted as an agent of the Debtor in "meetings with the members of the Plaintiff Class."

43.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 43 and therefore leaves Plaintiffs to their proof.

44.    Defendant denies the allegations in paragraph 44.

45.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 45 and therefore leaves Plaintiffs to their proof.

46.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 46 and therefore leaves Plaintiffs to their proof.

47.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 47 and therefore leaves Plaintiffs to their proof.

48.    After reasonable inquiry, Defendant does not have sufficient information as to most of the allegations in paragraph 48 and therefore leaves Plaintiffs to their proof; nevertheless, Defendant denies that Carter or the Debtor had or breached any fiduciary duties to any members of the purported Plaintiff Class.

49.    Defendant admits the allegation in paragraph 49.

50.    Defendant acknowledges that the case of *Texas Cash Cow Investments Inc., et al. v. Texas First Financial, LLC, et al.*" was filed on January 20, 2017, and suspects this may be the case Plaintiffs were trying to refer to in paragraph 50, but taking the allegation in paragraph 50 at face value, Defendant denies it.

51.    Paragraph 51 contains vague and ambiguous terms, specifically the terms "in this action" and "cohorts." The remainder of paragraph 51 contains a characterization of what Plaintiffs allege Carter and his undefined "cohorts" asserted. Defendant denies this characterization.

52.    Defendant admits the allegation in paragraph 52.

## V.    CLASS ALLEGATIONS

53.    Defendant admits that the Plaintiffs filed the complaint initiating the above-captioned adversary proceeding and that they purport to do so on behalf of a class of allegedly similarly situated persons. Defendant denies that this action can be brought as a class action.

54.    Defendant admits that the Plaintiffs propose the class definition articulated in paragraph 54.  Defendant denies that this action can be brought as a class action.

55.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 55 and therefore leaves Plaintiffs to their proof.

56.    Defendant denies the allegations in paragraph 56.

57.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 57 and therefore leaves Plaintiffs to their proof.

58.    Defendant denies the allegations in paragraph 58

59.    Defendant denies the allegations in paragraph 59.

60.    Defendant denies the allegations in paragraph 60.

61.    Defendant denies the allegations in paragraph 61.

62.    Defendant denies the allegations in paragraph 62.

63.    Defendant denies the allegations in paragraph 63.

64.    Defendant denies the allegations in paragraph 64.

65.    Defendant denies the allegations in paragraph 65.

66.    Defendant denies the allegations in paragraph 66.

67.    Defendant denies the allegations in paragraph 67.

**VI.   CAUSES OF ACTION**

68.    Defendant incorporates by reference the responses to paragraphs 1-67.

69.    To the extent the allegations in paragraph 69 repeat allegations made anywhere in paragraphs 1-68, Defendant reiterates his responses contained in the relevant response paragraphs above. The first sentence of paragraph 69 contains a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies the allegation. After reasonable inquiry, Defendant does not have sufficient information as to what Guess represented, knew or intended.

70.    Defendant admits that Plaintiffs are seeking the remedy of a constructive trust; however, Defendant opposes such remedy and denies that Plaintiffs are entitled to the imposition of a constructive trust. Many of the statements in paragraph 70 are legal conclusions to which no response is required. To the extent that a response is required,

Defendant denies such allegations or does not have sufficient information regarding such allegations and leaves the Plaintiffs to their proof.

71.     Defendant denies the allegations in paragraph 71.

72.     Defendant incorporates by reference the responses to paragraphs 1-71.

73.     To the extent the allegations in paragraph 73 repeat allegations made anywhere in paragraphs 1-72, Defendant reiterates his responses contained in the relevant response paragraphs above. The first sentence of paragraph 73 contains a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies the allegation. After reasonable inquiry, Defendant does not have sufficient information as to what Guess represented, knew or intended.

74.     Defendant admits that Plaintiffs are seeking the remedy of a constructive trust; however, Defendant opposes such remedy and denies that Plaintiffs are entitled to the imposition of a constructive trust. Many of the statements in paragraph 74 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies such allegations or does not have sufficient information regarding such allegations and leaves the Plaintiffs to their proof.

75.     Defendant denies the allegations in paragraph 75.

76.     Defendant incorporates by reference the responses to paragraphs 1-75.

77.     To the extent the allegations in paragraph 77 repeat allegations made anywhere in paragraphs 1-76, Defendant reiterates his responses contained in the relevant response paragraphs above. The first sentence of paragraph 77 contains a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies the

allegation. After reasonable inquiry, Defendant does not have sufficient information as to: (1) what facts the Debtor did or did not disclose to the Plaintiffs and the purported Plaintiff Class; (2) whether or not the Debtor had a duty to disclose such undefined "facts"; (3) whether such facts were or were not material; (4) whether or not "the Debtor knew the Plaintiffs and the Plaintiff Class were ignorant of the facts and they did not have an equal opportunity to discover the facts"; (5) whether or not "the Debtor was deliberately silent when it had a duty to speak"; (6) the Debtor's intent; (7) whether or not the Plaintiffs or members of the purported Plaintiff Class relied on any alleged nondisclosure on the part of the Debtor; or (8) whether or not the Plaintiffs or members of the purported Plaintiff Class were injured as a result.

78.     Defendant admits that Plaintiffs are seeking the remedy of a constructive trust; however, Defendant opposes such remedy and denies that Plaintiffs are entitled to the imposition of a constructive trust. Many of the statements in paragraph 78 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies such allegations or does not have sufficient information regarding such allegations and leaves the Plaintiffs to their proof.

79.     Defendant denies the allegations in paragraph 79.

80.     Defendant incorporates by reference the responses to paragraphs 1-79.

81.     Defendant denies the allegations in paragraph 81.

82.     To the extent the allegations in paragraph 82 repeat allegations made anywhere in paragraphs 1-81, Defendant reiterates his responses contained in the relevant response paragraphs above. The first sentence of paragraph 82 contains a legal conclusion to which

no response is required, but to the extent a response is required, Defendant denies the allegation. After reasonable inquiry, Defendant does not have sufficient information as to the remainder of the allegations in paragraph 82.

83.    Defendant admits that Plaintiffs are seeking the remedy of a constructive trust; however, Defendant opposes such remedy and denies that Plaintiffs are entitled to the imposition of a constructive trust. Many of the statements in paragraph 83 are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies such allegations or does not have sufficient information regarding such allegations and leaves the Plaintiffs to their proof.

84.    Defendant denies the allegations in paragraph 84.

85.    Defendant incorporates by reference the responses to paragraphs 1-84.

86.    Defendant denies that the Debtor entered into a Contract with the Wrights and does not have sufficient information at this time to state whether or not the named Plaintiffs were the source of the funds for the $700,000 payment referenced. Defendant admits that a promissory note exists in the amount of $700,000, apparently signed by Bob Guess and dated February 25, 2016 and providing for 9% interest and with a one-year maturity date.

87.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 87 and therefore leaves Plaintiffs to their proof.

88.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in the first sentence of paragraph 88 and therefore leaves Plaintiffs to their proof. The second sentence of paragraph 88 contains a legal conclusion to which no

response is required, but to the extent a response is required, Defendant denies the allegation.

89.    Defendant incorporates by reference the responses to paragraphs 1-88.

90.    After reasonable inquiry, Defendant does not have sufficient information to determine whether Texas law has "long-recognized the right of the Court to impose a constructive trust in order to prevent unjust enrichment of a wrongdoer."

91.    Paragraph 91 contains a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies that a constructive trust was imposed on any property of the Debtor's bankruptcy estate before the petition date. Debtor denies that Plaintiffs are entitled to the imposition of a constructive trust and opposes same.

92.    Defendant denies the allegations in paragraph 92.

93.    Defendant denies the allegations in paragraph 93.

94.    Defendant denies the allegations in paragraph 94.

95.    Defendant admits that the Plaintiffs are moving the Court to impose a constructive trust, but the Defendant denies that Plaintiffs are entitled to the relief they seek, and Defendant opposes imposition of a constructive trust on any proceeds from the sales of any of the properties identified in paragraph 95.

96.    Defendant incorporates by reference the responses to paragraphs 1-95.

97.    After reasonable inquiry, Defendant does not have sufficient information as to the allegations in paragraph 97 and therefore leaves Plaintiffs to their proof.

98.    Defendant incorporates by reference the responses to paragraphs 1-97.

Defendant's Original Answer and Affirmative Defenses                    14

99.    After reasonable inquiry, Defendant does not have sufficient information as to whether "Plaintiffs and the other class members . . . have incurred reasonable and necessary attorneys' fees." Defendant denies that the Plaintiffs were "forced to retain" such counsel and denies that such fees and costs should be borne by the Debtor's bankruptcy estate.

## VII. AFFIRMATIVE DEFENSES

### A.  First Affirmative Defense

Plaintiffs lack standing.

### B.  Second Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### C.  Third Affirmative Defense

Plaintiffs fail to satisfy the requirements for class certification.

### D.  Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or the doctrine of laches.

### E.  Fifth Affirmative Defense

Defendant asserts that the remedy of a constructive trust is not available in this bankruptcy case

### F.  Sixth Affirmative Defenses

Defendant reserves the right to assert additional defenses upon further discovery of Plaintiffs' claims or any other pertinent information

Dated:  May 29, 2020

By: _/s/ Judith W. Ross_____

Judith W. Ross, State Bar No. 21010670
Frances A. Smith, State Bar No. 24033084
Eric Soderlund, State Bar No. 24037525
Jessica L. Voyce Lewis, State Bar No. 24060956
**Ross & Smith, PC**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email: judith.ross@judithwross.com
        frances.smith@judithwross.com
        eric.soderlund@judithwross.com
        jessica.lewis@judithwross.com

**COUNSEL TO CHAPTER 11 TRUSTEE
DAVID WALLACE**